UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **HOLLIS E. SIMMONS, JR.** | **CIVIL ACTION NO. 3:17-CV-00729** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **WARDEN DUCOTE, ET AL.** | **MAGISTRATE JUDGE HAYES** |

### REPORT AND RECOMMENDATION

Pro se plaintiff Hollis E. Simmons, Jr., proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on June 5, 2017. When he filed his complaint, plaintiff was confined at the Franklin Parish Detention Cetner (FPDC); his claims arise out of his time confined at the Jackson Parish Detention Center (JPDC); he is currently confined at the Bossier Transitional Work Program. Plaintiff has named the JPDC Warden Ducote, Nurse Tiffany Pullin and Regina Steward as defendants. He seeks compensatory and punitive damages. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Statement of the Case*

Plaintiff's first complaint is that while incarcerated at Jackson Parish Correctional Center, Warden Ducote did not respond to his request to transfer him.

At the center of plaintiff's complaint is an alleged lack of medical care received after a July 2016 incident, when he was jumped by two inmates and injured his ankle. He was taken to the infirmary on the day of the incident and seen by Nurse Tiffany Pullin and Regina Steward, who determined it was sprained. He was given ice, Tylenol and a bed pan and told to soak it.

Plaintiff alleges that the pain did not subside and that from July 25-28, he made numerous

sick calls.

He was seen by a physician on July 29, 2016, who sent him to the hospital for x-rays on August 1, 2017. The following day, August 2, plaintiff asked Regina Steward, during her medication rounds, for the results of his x-rays. She told him that it was just "badly sprained." He continued to be in pain so for the next couple of weeks, he made more sick calls. He also complains that he was only given ibuprofen, as opposed to the prescription for Tramodal he was given in the hospital.

On August 22, 2016, he was moved across the correctional center to Phase I. On that day, after making a sick call, he was seen by Nurse Laura Roberts. Roberts requested and received plaintiff's medical documentation, including x-rays, from Tiffany Pullin and Regina Steward. "When Nurse Roberts got back she was so mad at Nurse Tiffany and Regina Steward they had been arguing she said because Nurse Roberts didn't see why Nurse Tiffany didn't send me for a case. Because my ankle was broke." [Rec. Doc. 1, p. 8] On that day, Roberts called and set up an appointment for plaintiff to get a splint on his ankle, which he did the following day.

When he returned from the hospital, he was put on lock down, where he was not allowed commissary and phone calls were only allowed on Friday nights for five minutes. He remained on lock down until September 16, 2016, when he returned to the hospital and a medical boot was placed on his ankle to aid in healing.

Plaintiff continued to submit ARPs and Inmate Request Forms to Warden Duote, complaining of still being in pain.

Sometime after October 5, 2016, he was transferred to Franklin Parish Detection Center, where his medical boot was not allowed.

He has since been transferred to Bossier Transitional Work Facility, where he remains incarcerated. He prays for compensatory and punitive damage for the defendants' violation of his "8th Amendment Rights under deliberate indifference by not responding to [his] serious medical needs." [Rec. Doc. 1 p. 10]

*Law and Analysis*

*1. Screening*

When suit was filed, plaintiff was a prisoner who had been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and
§ 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009

*2. Transfer*

Plaintiff complains that Warden Ducote did not respond to his request to be transferred to a DOC facility.

Plaintiff is an inmate in the custody of the LDOC. Under Louisiana law, "any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Louisiana Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department. The director of corrections shall assign each newly committed inmate to an appropriate penal or correctional facility. The director may transfer an inmate from one such facility to another, insofar as the transfer is consistent with the commitment and in accordance with treatment, training and security needs established by the department..." La. R.S.15:824(A).

Plaintiff is an LDOC inmate and therefore his placement is solely within the purview of the LDOC. Broad discretionary authority must be afforded to prison administrators because the administration of a prison is "at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*, 418 U.S. 539, 566, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974) To hold that any substantial deprivation imposed by prison authorities triggers the procedural protections of the Due Process Clause would subject to judicial review a wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts. *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnston*, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948).

Prisoners simply do not have a constitutionally derived liberty interest in being held in any particular institution. *See Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d

451 (1976); *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); *Adams v. Gunnell*, 729 F.2d 362, 368 (5th Cir. 1984); *Oladipupo v. Austin,* 104 F.Supp.2d 643 (W.D.La. 2000). Accordingly, he has failed to state a claim upon which relief may be granted.

### 3. Medical Care

The gravamen of the plaintiff's complaint is that the medical care to which he claims he was entitled was delayed and inadequate.

The constitutional right of a convicted prisoner to safe conditions of confinement and prompt and adequate medical care is based upon the Eighth Amendment's prohibition of cruel and unusual punishment. However, rights guaranteed under the Eighth Amendment are violated only if the defendants act with deliberate indifference to a substantial risk of serious harm, which results in injury. Deliberate indifference requires that the defendants have subjective knowledge of the risk of harm. Mere negligence or a failure to act reasonably is not enough. The defendants must have the subjective intent to cause harm. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).

Thus, in order to establish an actionable constitutional violation, a plaintiff must allege facts tending to establish that the defendants were deliberately indifferent to his serious medical needs and safety. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir. 2001). A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that prison officials "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)

(citation omitted).

"Delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference that results in substantial harm." *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006). Deliberate indifference requires that the defendants have subjective knowledge of the risk of harm. Mere negligence or a failure to act reasonably is not enough. The defendants must have the subjective intent to cause harm. *Id.*

Plaintiff's allegations establish that his ankle injury was not life-threatening and, at all stages, was attended to and treated. His injury was treated on the day it was reported. Within a week following the incident, because he was still in pain, he was evaluated by prison officials and it was determined that he needed ongoing medical intervention, which included arranging for diagnostic x-rays and transporting plaintiff to the hospital for same. Plaintiff was receiving over-the-counter medication for pain.

Plaintiff complains that his ankle was diagnosed and treated for a period of time as a sprain when, in fact, it was broken. These allegations do not rise to a level of constitutional significance because (1) unsuccessful, even negligent, medical treatment does not constitute deliberate indifference, and (2) a prisoner's disagreement with his medical treatment is insufficient to establish a meritorious claim under the Eighth Amendment. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (explaining that "the decision whether to provide additional treatment is a classic example of a matter for medical judgment" and is not cognizable under the Eighth Amendment); *Hall v. Thomas,* 190 F.3d 693, 697 (5th Cir. 1999) ("[Allegations of malpractice or negligence will never state a claim under the Eighth Amendment."). Upon determining that his ankle was broken, plaintiff received further medical treatment and was given a splint and a medical boot to aid in healing.

To the extent Plaintiff complains that he suffered pain and discomfort due to the alleged inattention to his injury, alleged misdiagnosis of his injury, and alleged inadequate medical treatment, the undersigned observes that Fifth Circuit has stated that the existence of pain "does not, however, in and of itself demonstrate that a constitutional violation occurred." *Mayweather v. Foti,* 958 F.2d 91, 91 (5th Cir. 1992). As a general matter, "[deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)(citation omitted). The allegations made by plaintiff about the pain and symptoms he experienced during the course of his treatment do not plausibly suggest that prison officials acted with deliberate indifference-i.e., the unnecessary or wanton infliction of pain or discomfort repugnant to the conscience of mankind.

Plaintiff fails to plausibly allege conduct that begins to rise to the level of a constitutional violation under the Eighth Amendment, nor is he able to plausibly allege the requisite deliberate indifference.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, September 25, 2017.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE